# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| GERALD ROSARIO RIVIELLO, JR., | : | |
|---|---|---|
| **Plaintiff** | : | **CIVIL ACTION NO. 3:10-2347** |
| v. | : | |
| FIRST NATIONAL COMMUNITY BANK, JOHN DOES 1-10, and X, Y, Z CORPORATIONS, | : | **(JUDGE MANNION[1])** |
| **Defendants** | : | |

# **M E M O R A N D U M**

Pending before the court is the plaintiff's second motion to enforce settlement agreement. (Doc. No. 15). Based upon the court's review of the motion and related materials, the motion will be denied.

## I.  PROCEDURAL HISTORY

By way of relevant background, on August 26, 2010, the plaintiff filed a class action complaint alleging violations of the Electronic Funds Transfer Act, ("EFTA"), 15 U.S.C. §1693, et seq., in the Court of Common Pleas of Lackawanna County. The action was removed by the defendant First National Community Bank, ("FNCB"), on November 12, 2010. (Doc. No. 1).

---

[1]The instant action was originally assigned to the Honorable A. Richard Caputo. By verbal order, on January 4, 2013, the matter was reassigned to the undersigned.

A case management conference was held in the matter on February 2, 2012. In the case management plan filed in preparation for the conference, counsel for the plaintiff indicated to the court that she no longer wished to pursue class treatment of the claim. As a result of discussions during the case management conference, the court directed the plaintiff to file a motion to enforce settlement. Plaintiff filed an initial motion to enforce settlement agreement on February 21, 2012, (Doc. No. 9), which was deemed withdrawn by order of court dated June 1, 2012, for the plaintiff's failure to file a timely brief. (Doc. No. 14).

On June 11, 2012, the plaintiff filed the currently pending second motion to enforce settlement, (Doc. No. 15), along with a brief in support thereof, (Doc. No. 16). A response to the motion was filed by FNCB on June 13, 2012, (Doc. No. 17), along with an opposing brief and exhibits, (Doc. No. 18).

## II. LEGAL STANDARD

Settlement agreements are essentially contracts to which the basic contract principles apply. Williams v. Metzler, 132 F.3d 937, 946 (3d Cir. 1997); and see Cal. Sun Tanning USA v. Electric Beach, Inc., 369 Fed. Appx. 340, 346 at n.6 (3d Cir. 2010). The essential elements of a contract are an offer, acceptance, and consideration or a mutual meeting of the minds. Richter v. Pfundt, 2009 WL 5064383 (E.D. Pa.) (citing Yarnall v. Almy, 703 A.2d 535, 538 (Pa.Super. 1997) (citations omitted)).

2

In order to be enforceable, an acceptance must be unconditional. Id. (citing Yarnall, 703 at 539 (citations omitted)). Moreover, where an acceptance is ambiguous, it must be construed against the acceptee. Eastern Elec. Sales Co. v. Provident Tradesmens Bank & Trust Co., 162 A.2d 215 (Pa. 1960).

"[U]nder ordinary contract law, contracts are enforceable when parties reach a mutual agreement, exchange consideration and have set forth the terms of their bargain with sufficient definiteness to be specifically enforced." Aircraft Corp v. Strata Lift Inc., 103 F.Supp.2d. 830, 836 (E.D. Pa. 2000). An agreement is definite when there is a clear indication that the parties intended to form a contract, and there is basis for the court to grant relief. Id.

Because the enforceability of settlement agreements is governed by the principles of contract law, a meeting of the minds is required. Mazzella v. Koken, 739 A.2d 531 (Pa. 1999). As with all contracts, in the formation of an enforceable settlement agreement, "the minds of the parties should meet upon all of the terms, as well as the subject-matter." Id. at 536 (citations omitted). If there are matters yet to be determined about the essential terms of a settlement, there is no agreement to enforce. Id. at 537. If all of the material terms of a bargain are agreed upon, the settlement will be enforced; however, if there are ambiguities and undetermined matters which render the agreement impossible to enforce, the agreement will be set aside. Id.

Where it is found that there is an agreement to settle a lawsuit,

3

voluntarily entered into, it is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing. Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970).

### III. DISCUSSION

Plaintiff argues in his motion that the parties agreed to settle the instant matter for $3,500, as memorialized in e-mails between counsel for the parties. According to the plaintiff, defendant later repudiated and refused to settle. As a result, the plaintiff is seeking to have this court enforce the agreement and award reasonable attorney's fees.

In response to the plaintiff's motion, the defendant has filed an opposing brief with attached exhibits which reflect that, on April 11, 2011, defendant's counsel sent plaintiff's counsel an e-mail indicating that "FNCB will settle for $3,500 provided your client signs a settlement and release agreement. I will draft one for your review." (Doc. No. 18, Ex. A). Plaintiff's counsel responded that same day "Write it up." (Id.).

Shortly thereafter, on April 15, 2011, apparently in response to a phone call from plaintiff's counsel, defendant's counsel sent an e-mail indicating "I am drafting a settlement agreement for Riviello v. FNCB." (Doc. No. 18, Ex. A).

When no agreement was received from defendant's counsel, on May 6, 2011, plaintiff's counsel sent an e-mail to defendant's counsel stating "I have

4

been waiting for you to produce a draft of the settlement agreement." (Doc. No. 18, Ex. B). Plaintiff's counsel followed this e-mail with another on May 18, 2011, in which she stated "Thought we had a deal. What happened to our settlement agreement?" (Doc. No. 18, Ex. C). That same day, defendant's counsel responded "I have contacted my client and have been informed that they are not in a position to settle at this point." (Id.).

Nearly one month later, on June 15, 2011, plaintiff's counsel proceeded to serve requests for discovery upon the defendant. (Doc. No. 18, Ex. D).

Several months later, on October 14, 2011, plaintiff's counsel sent defendant's counsel an e-mail inquiring "Shousl [sic] I continue with discover [sic] and a motio [sic] to enforce our previous settlement agreement? Or can se [sic] settle this one?" (Doc. No. 18, Ex. E).

On January 3, 2012, plaintiff's counsel continued discovery and served initial disclosures upon defendant's counsel. (Doc. No. 18, Ex. F).

Finally, on February 2, 2012, plaintiff's counsel e-mailed defendant's counsel stating "$4,500 is the least I will recommend to my client for settlement purposes, if you force me to file the motion to enforce our already existing settlement agreement." (Doc. No. 18, Ex. G).

In considering the above materials, there appears to be no valid argument against finding that the e-mail sent by the defendant's counsel to plaintiff's counsel on April 11, 2011, was an offer to settle the above matter for $3,500 and conditioned upon the plaintiff signing a settlement and release

5

agreement. If the plaintiff had clearly and unequivocally accepted all terms of the offer, there would be a valid and enforceable agreement in place. However, upon review, the plaintiff's response is ambiguous. In response to the offer, plaintiff's counsel simply replied "Write it up." This response could be viewed to mean that counsel accepted all of the terms of the defendant's offer and that she was ready and willing to accept the $3,500 and sign any settlement and release agreement forwarded by defendant's counsel. It could equally be viewed to mean that she wanted defendant's counsel to forward her a draft settlement and release agreement for her review prior to accepting the $3,500 offer. In fact, in subsequent e-mails, it is the "draft" agreement which plaintiff's counsel requests, not any monetary settlement. As indicated above, ambiguity in acceptance is construed against the acceptee. As such, the court finds that there was no unequivocal acceptance of the defendant's offer and, therefore, there is no valid settlement agreement to enforce.

Further, it does not appear that there was a true meeting of the minds in the negotiation of the settlement. To this extent, while the defendant did offer to settle the action with the plaintiff for $3,500, that offer was conditioned upon the plaintiff signing a settlement and release agreement, which never occurred.

Moreover, with the exception of the $3,500, at no time in the exchanges between the parties were the specific provisions of the settlement and release agreement discussed. In light of the fact that the instant action was, at the

time of the offer, filed as a class action lawsuit, it seems unlikely that either counsel would settle the action without discussing the specific terms of the agreement and release.

Adding to the indefiniteness of the agreement is the inquiry by plaintiff's counsel on October 14, 2011, as to whether she should continue discovery or whether the parties could "settle this one," as well as her subsequent change of the amount which would be accepted by the plaintiff to settle the matter from $3,500 to $4,500 on February 2, 2012.

In light of the foregoing, the court finds that there is no enforceable settlement agreement in place and, therefore, the plaintiff's second motion to enforce will be denied. An appropriate order will issue.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 3, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2010 MEMORANDA\10-2347-01.wpd